{¶ 19} I agree with the majority that there is a question of fact whether appellant is an employee of Brentwood or an independent contractor, and that this question precludes summary judgment in favor of appellee. I write separately simply to point out that the evidence in the record that appellant is an employee is minimal, and that it will be his obligation at trial to prove that he is an employee.
 {¶ 20} First, it is worth recalling the point of this analysis: The uninsured/underinsured motorist provision in the automobile insurance policy appellee issued to Brentwood defines the "insured" as "you." The Ohio Supreme Court has held that when "you" is a corporate insured, "you" includes the corporation's employees. Scott Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660. Therefore, appellant may be considered an insured under Brentwood's policy, entitled to uninsured/underinsured coverage, if he is an employee of Brentwood.
 {¶ 21} As the majority has explained, the fact that appellant is retained to drive a vehicle owned and maintained by Brentwood is some indication that appellant is an employee. That appellant is paid on an hourly basis is also somewhat indicative of an employment relationship. Although contractors are ordinarily paid by the job, both employees and independent contractors may be paid on an hourly basis. Walker v.Lahoski (July 28, 1999), Summit App. No. 19293; Remy v. Graszl (Dec. 23, 1998), Richland App. No. 98 CA 64. However, Brentwood does not really control the hours appellant works; the length of each assignment is dictated by Brentwood's client, not by Brentwood. Thus, the majority's inclusion of this factor as indicative of "employee" status is tenuous.
 {¶ 22} In short, the evidence that appellant is an employee is extremely limited.